IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 04-144-JJF |
| | : | |
| | : | Civil Action No. 08-783-JJF |
| CARLOS MANUEL DIAZ RODRIGUEZ, | : | |
| | : | |
| Defendant. | : | |
| | : | |

David C. Weiss, Esquire, United States Attorney, and Robert F. Kravetz, Assistant United States Attorney of the UNITED STATES DEPARTMENT OF JUSTICE, Wilmington, Delaware.

Attorney for Plaintiff.

Carlos Manuel Diaz Rodriguez, Pro Se Defendant.

**MEMORANDUM OPINION**

December 3, 2009
Wilmington, Delaware

Farnan, District Judge

Presently before the Court is a Motion To Vacate, Set Aside Or Correct Sentence Pursuant To 28 U.S.C. § 2255 (D.I. 415, as amended by D.I. 431). For the reasons discussed Defendant's Section 2255 Motion will be denied.

## BACKGROUND

Defendant was indicted with twelve other co-defendants in a thirteen count Superseding Indictment arising out of a heroin trafficking conspiracy. Defendant was charged with conspiracy to distribute more than one kilogram of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 (Count One); distribution of more than one hundred grams of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (Count Two); possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Count Four); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Six).

Defendant pled guilty to Counts One, Two, Four and Six of the Superseding Indictment. At the change of plea hearing, Defendant was represented by Steven L. Sigal, Esquire. The Court sentenced Defendant to 180 months imprisonment, 120 months on each of Counts One, Two, and Four to be served concurrently, and 60 months on Count Six to be served consecutively to the other counts. The Court also sentenced Defendant to a five-year term

1

of supervised release and a $400 special assessment. Defendant was represented by L. Felipe Restrepo, Esquire at the sentencing hearing. Defendant appealed, and his conviction was affirmed. United States v. Diaz-Rodriquez, 263 Fed. Appx. 232 (3d Cir. 2008).

Initially, Defendant filed a Motion For Restructuring Defendant's Term of Imprisonment (D.I. 415) requesting the Court to restructure his sentence so that the 60 month sentence on his firearm conviction would run concurrently with the 120 month concurrent sentence on the other convictions. The Court issued an order construing his Motion as a Motion To Vacate, Set Aside, Or Correct Sentence filed pursuant to 28 U.S.C. § 2255, and provided Plaintiff with notice that the AEDPA precludes Defendant from filing a second or subsequent habeas petition. (D.I. 419.) Thereafter, Plaintiff amended his Motion to include additional grounds for relief. (D.I. 431.)

By his Section 2255 Motion Defendant alleges ineffective assistance of counsel. Specifically, Defendant contends that (1) defense counsel at the plea hearing did not fully explain the mandatory prison terms associated with the offenses to which he was pleading guilty in violation of both Strickland and the ABA Rules of Professional Conduct; (2) defense counsel at the plea hearing and at sentencing failed to make an argument regarding the reclassification of the firearm offense so that Defendant

2

could have been sentenced pursuant to certain enhancements under the Sentencing Guidelines which would have resulted in a lesser sentence than the five-year statutory minimum sentence on Count Six; (3) defense counsel at the sentencing failed to argue the application of the safety valve provision set forth in 18 U.S.C. § 3553(f); and (4) defense counsel at the sentencing hearing failed to argue under United States v. Whitley, 529 F.3d 150 (2d Cir. 2008), that Defendant's 60 month sentence on Count Six should run concurrently with his sentence on the remaining counts.

In response, the Government contends that Defendant cannot satisfy either prong of the Strickland analysis. In addition, the Government has filed a supplemental letter (D.I. 453) concerning the Third Circuit's recent decision in United States v. Abbott, 574 F.3d 203 (3d Cir. 2009), which declined to accept the rationale of the Second Circuit in Whitley. Defendant has filed a Reply (D.I. 449) to the Government's response, and a supplemental letter (D.I. 456) responding to the Government's supplemental submission.

## DISCUSSION

### I. Evidentiary Hearing

Section 2255 requires a district court to hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the

petitioner is not entitled to relief. 28 U.S.C. § 2255; see also United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005); United States v. McCoy, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a). After reviewing the record and filings in this case, the Court concludes that it can fully evaluate the issues presented by Defendant, and the record conclusively establishes that Defendant is not entitled to relief. Accordingly, the Court concludes that an evidentiary hearing is not required.

## II. Defendant's Ineffective Assistance Of Counsel Claims

### A. The Strickland Analysis

To succeed on an ineffective assistance of counsel claim, a defendant must satisfy the two-part test set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, reh'g denied, 467 U.S. 1267 (1984). The first prong of the Strickland test requires a defendant to show that his or her counsel's errors were so egregious as to fall below an "objective standard of reasonableness." Id. at 687-88. In determining whether counsel's representation was objectively reasonable, "the court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In turn, the defendant must "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound . . . strategy.'" Id. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

Under the second prong of Strickland, the defendant must demonstrate that he or she was actually prejudiced by counsel's errors, meaning that there is a reasonable probability that, but for counsel's faulty performance, the outcome of the proceedings would have been different. Strickland, 466 U.S. at 692-94; Frey v. Fulcomer, 974 F.2d 348, 358 (3d Cir. 1992), cert. denied, 507 U.S. 954 (1993). To establish prejudice, the defendant must also show that counsel's errors rendered the proceeding fundamentally unfair or unreliable. Lockhart v. Fretwell, 506 U.S. 364, 369 (1993). "A court can choose to address the prejudice prong before the ineffectiveness prong and reject an ineffectiveness claim solely on the ground that the defendant was not prejudiced." See Rolan v. Vaughn, 445 F.3d 671, 678 (3d Cir. 2006).

B. Whether Defense Counsel Was Constitutionally Ineffective For Failing To Explain To Defendant The Mandatory Minimum Sentences Associated With The Offenses To Which Defendant Pled Guilty

Defendant contends that his counsel at the change of plea hearing failed to fully explain to him the mandatory prison terms associated with the offense to which Defendant pled guilty. Specifically, Defendant contends that his counsel informed him that "the prison term would be no more than ten years because the gun offense would disappear." (D.I. 431 at 5.) Defendant alleges that he was "shocked" to learn from his sentencing counsel, that the Court would impose a fifteen year mandatory

5

sentence. (Id.)

In United States v. Shedrick, 499 F.3d 292, 299 (3d Cir. 2007, the Third Circuit reaffirmed a long line of cases holding that an erroneous sentencing prediction by counsel is not ineffective assistance of counsel where an adequate plea hearing is conducted. In determining whether a plea hearing was adequate the Court considers the information provided to the defendant in his written plea agreement and during the plea colloquy, including whether the defendant was informed of the maximum penalties attributable to the offenses for which the defendant pled guilty.

A review of the record in this case reveals that Defendant was informed of the maximum sentence he faced both in the written plea agreement and by the Court during the plea colloquy. The Court went over the key provisions of the plea agreement with Defendant, and Defendant admitted to the facts establishing the charges to which he was pleading guilty. The Court inquired of Defendant whether he was promised a specific sentence, and Defendant indicated that he was not. (D.I. 442, Exh. 2 at 4-6, 7, 12-20.) The Court also specifically informed Defendant that he faced a minimum penalty of ten years imprisonment for Count One and five years of consecutive imprisonment for Count Six:

> The Court: And for Count Six, the maximum penalties are a minimum mandatory, that means it has to be imposed, of five year term of imprisonment that is consecutive to another term of imprisonment that may be

>    imposed on you. . . Do you understand they are the
>    maximum penalties for Count Six?
>
>    Defendant:      Yes.

(Id. at 21-22.) Based on the totality of the plea colloquy and Defendant's responses the Court's inquiries, the Court concludes that, as in Shedrick, "any erroneous sentencing information allegedly provided by defense counsel was corrected by the written plea agreement and the detailed in-court plea colloquy, both of which accurately stated [Defendant's] potential sentence." 499 F.3d at 300. Accordingly, the Court concludes that Defendant suffered no prejudice from any alleged misinformation provided by his counsel, and therefore, the Court further concludes that Defendant cannot establish that his counsel was constitutionally ineffective for failing to explain his potential sentence. Id.

    C.    <u>Whether Defense Counsel Was Constitutionally Ineffective For Failing To Argue For A Reclassification Of The Firearms Offense</u>

Defendant next contends that both his counsel during the plea hearing and his counsel during sentencing were constitutionally ineffective for failing to argue that Defendant's firearm conviction should be reclassified as a conviction for possession by a felon under 18 U.S.C. § 922(g), rather than as possession during a drug trafficking crime in violation of 18 U.S.C. § 924(c). Defendant contends that the reclassification under Section 922(g) would have provided him

7

with the opportunity to be sentenced under the Guidelines to certain sentencing enhancements that would have totaled less than the sentence he received for the violation of Section 924(c).

In this case, Defendant was indicted on the charge of possessing a firearm during the commission of a drug trafficking offense. Defendant pled guilty to this charge, and therefore, the Sentencing Guidelines to which Defendant refers are inapplicable because they pertain to a felon-in-possession charge, which is not at issue here. Indeed, Defendant could not have been charged with, entered a guilty plea for, or been sentenced for a violation of 18 U.S.C. § 922(g), because Defendant did not have a prior felony conviction according to his Presentence Investigation Report. Because there was no basis for defense counsel to make an argument concerning the reclassification of Defendant's firearm charge, the Court cannot conclude that defense counsel was ineffective for failing to raise this issue.

To the extent that Defendant argues that counsel should have argued that the evidence was insufficient to support his conviction under Section 924(c) because he did not actively use the firearm during the crime, the Court likewise concludes that counsel was not ineffective for failing to raise this argument. Indeed, the Third Circuit on appeal has already held that the record in this case established the possession required to

sustain a conviction under Section 924(c).

Defendant relies on Bailey v. United States, 516 U.S. 137 (1995) to support his argument regarding the insufficiency of the evidence on the question of possession; however, that decision was legislatively overruled when Congress amended Section 924(c) to include possession of a firearm and not just its active use. See also United States v. Sparrow, 371 F.3d 851 (3d Cir. 2004). Because Defendant was convicted and sentenced under the amended version of Section 924(c), the Court concludes that defense counsel was not constitutionally ineffective for failing to raise an argument under Bailey concerning the meaning of the term "possession."

D. Whether Counsel Was Ineffective For Failing To Argue The Application Of The Safety Valve Provision Under 18 U.S.C. § 3553(f)

Defendant contends that his counsel during sentencing was ineffective for failing to argue the applicability of the "safety valve" provision of Section 3553(f) to his sentence. Specifically, Defendant contends that he did not possess a firearm, because he did not own the firearm and it was not loaded. Therefore, Defendant contends that he meets the criteria for application of the safety valve.

Under Section 3553(f), a defendant may be sentenced without regard to any statutory minimum if the defendant meets five enumerated criteria. One of the five criteria is that "the

defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense." 18 U.S.C. § 3553(f)(2). Ownership is not required to establish possession, see Diaz-Rodriquez, 263 Fed. Appx. at 234, and an unloaded and inoperable firearm satisfies the possession requirement of Section 924(c). See, e.g. United States v. Hill, 967 F.2d 902, 905-907 (3d Cir. 1992).

Defendant relies on United States v. Wilson, 105 F.3d 219 (5th Cir. 1997) to support his argument regarding possession; however, the Court concludes that Wilson is not applicable here. In Wilson, the defendant's was convicted under a conspiracy theory of liability. In this case, Defendant admitted that he constructively possessed the firearm that formed the basis of his conviction on Count Six of the Indictment. Because the Section 3553(f) safety value is not applicable in these circumstances, the Court concludes that Defendant cannot establish ineffective assistance of counsel based on his counsel's failure to raise this issue.

E. Whether Counsel Was Ineffective For Failing To Argue That Defendant's 60 Month Sentence On Count Six Should Run Concurrently With His Sentence On The Remaining Counts

Defendant contends that his counsel during sentencing was also ineffective, because he should have argued under the Second Circuit's decision in Whitley, that his 60 month sentence for

10

Count Six should run concurrently with his 120 month sentence on the remaining counts. Specifically, Defendant argues that this result is required by the language of Section 924(c) which provides for a five year term of imprisonment for Defendant's conviction "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law . . . ."

In Whitley, the defendant was sentenced to 282 months for violation of the Hobbs Act and for possession of a firearm by a convicted felon, and 120 months to run consecutively for discharging a firearm during the commission of a violent felony. The Second Circuit held that the sentence violated the "except clause" language of Section 924(c), and that the defendant should not have been sentenced to an additional ten year prison term, because he already faced a fifteen-year mandatory minimum sentence as an Armed Career Criminal under Section 924(e).

In United States v. Abbott, 574 F.3d 203, 205 (3d Cir. 2009), the Third Circuit declined to follow the rationale of the Second Circuit in Whitley. The Abbott decision is consistent with the majority view that the prefatory clause of Section 924(c) only refers to other minimum sentences that may be imposed for violations of Section 924(c), and not for other separate offenses like drug trafficking. See, e.g., United States v. Easter, 553 F.3d 519 (7th Cir. 2009); United States v. Parker,

11

549 F.3d 5 (1st Cir. 2008); United States v. Collins, 205 Fed. Appx. 196 (5th Cir. 2006); United States v. Studifin, 240 F.3d 415 (4th Cir. 2001); United States v. Jolivette, 257 F.3d 581 (6th Cir. 2001); United States v. Alantz, 235 F.3d 386 (8th Cir. 2000). Because the Third Circuit has declined to accept Whitley, the Court concludes that Defendant cannot establish that he was prejudiced by counsel's failure to make an argument under Whitley, and therefore, Defendant cannot establish ineffective assistance of counsel on this basis.

In sum, the Court concludes that Defendant has not established that either his counsel during the plea hearing or his counsel at sentencing were constitutionally ineffective. Accordingly, the Court will deny Defendant's Section 2255 Motion.

### III. Whether A Certificate Of Appealability Should Issue

The Court may issue a Certificate of Appealability only if Defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In this case, the Court has concluded that Defendant is not entitled to relief, and the Court is not convinced that reasonable jurists would debate otherwise. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because Defendant has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a Certificate of Appealability.

## CONCLUSION

For the reasons discussed, the Court will deny Defendant's Motion To Vacate, Set Aside Or Correct Sentence Pursuant To 28 U.S.C. § 2255.

An appropriate Order will be entered.